UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JOHN JACOMET, | No. 2:18-cv-0199 DB |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge's treatment of the medical opinion evidence and plaintiff's subjective testimony constituted error.

////

////

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF Nos. 15 & 16.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

"On July 19, 2013" plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on February 22, 2013. (Transcript ("Tr.") at 20, 181.) Plaintiff's alleged impairments included back pain, seizure disorder, and depression. (Id. at 195.) Plaintiff's application was denied initially, (id. at 116-19), and upon reconsideration. (Id. at 121-25.)

Plaintiff requested an administrative hearing and a hearing was held before an Administrative Law Judge ("ALJ") on October 12, 2016. (Id. at 43-89.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 43-46.) In a decision issued on December 12, 2016, the ALJ found that plaintiff was not disabled. (Id. at 37.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since February 22, 2013, the alleged onset date (20 CFR 404.1571 *et seq*.).
>
> 3. The claimant has the following severe impairments: seizure disorder; depression; anxiety; and history of thoracic and L1 compression fractures status post vertebroplasty at T6, T8, and L1 (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: he can occasionally lift, carry, push, or pull up to 20 pounds and 10 or less frequently; standing and walking is limited to a total of four hours out of an eight-hour workday; sitting is limited to a total of six hours out of an eight-hour workday; he would need a job that could either be done sitting or standing so that he could be able to change position approximately every 30 minutes or as needed; he is limited to occasional postural activities, but he can frequently

balance and there should be no climbing of ladders, ropes, or scaffolds; no work at unprotected heights or around moving machinery or other hazards; no fast-paced production or assembly line type work; he can concentrate for up to two hour periods of time, but he is limited to simple, noncomplex tasks; and he should be limited to nonpublic work.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born [in] 1965 and was 48 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 22, 2013, through the date of this decision (20 CFR 404.1520(g)).

(Id. at 22-37.)

On December 29, 2017, the Appeals Council denied plaintiff's request for review of the ALJ's December 12, 2016 decision. (Id. at 1-6.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 12, 2018. (ECF. No. 1.)

**LEGAL STANDARD**

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

3

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following two principal errors: (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the

////

4

ALJ's treatment of the subjective testimony constituted error.[3] (Pl.'s MSJ (ECF No. 25) at 11-17.)

## I. Medical Opinion Evidence – Dr. Frederick Davis

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant[.]" Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of the opinion of Dr. Frederick Davis, a treating physician. (Pl.'s MSJ (ECF No. 25) at 12-14.) On March 26, 2015, Dr. Davis examined plaintiff and opined that plaintiff "[s]imply cannot return to any job that will have him lifting and

---

[3] The court has reordered and reorganized plaintiff's arguments for purposes of clarity and efficiency.

bending any weight." (Tr. at 685.)  In Dr. Davis' opinion, plaintiff was "totally disabled due to his risk of spinal compression fractures being quite high." (Id.)

The ALJ acknowledged Dr. Davis' opinion and assigned it "little weight." (Id. at 33.) Specifically, the ALJ rejected "Dr. Davis' disability statement" finding that the conclusion had "no probative value" because disability is "an issued reserved to the Commissioner[.]" (Id.) However, "'[i]n disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)).  It is well-established that an ALJ may not "simply reject a treating physician's opinions on the ultimate issue of disability." Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014); see also Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012) ("Dr. Johnson's statement that Hill would be 'unlikely' to work full time was not a conclusory statement like those described in 20 C.F.R. § 404.1527(d)(1), but instead an assessment, based on objective medical evidence, of Hill's likelihood of being able to sustain full time employment given the many medical and mental impairments Hill faces and her inability to afford treatment for those conditions.").

The ALJ also asserted that Dr. Davis' opinion was "not generally supported by the evidence of record as a whole," noting that plaintiff "reported performing adequate self-care skills without assistance as well as the ability to go shopping and cook." (Tr. at 33.)  The ALJ supports this finding by citing to a psychiatric evaluation that stated plaintiff's "history includes adequate self-care skills of dressing, bathing, eating, toileting, and safety precautions" and that plaintiff "does shopping and cooking," but has no pastimes. (Id. at 421.)

The court finds the ALJ's reasoning far from legitimate.  That plaintiff can engage in activities such as "bathing, eating, toileting," in no way discredits Dr. Davis' opinion that plaintiff was disabled to due risk of spinal compression or that plaintiff could not perform a job with lifting and bending.  See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) ("Disability does not mean

6

that a claimant must vegetate in a dark room excluded from all forms of human and social activity.").

The final reason offered by the ALJ for rejecting Dr. Davis' opinion was the assertion that "the objective medical evidence demonstrates the claimant's seizures have been generally controlled with medication and his physical examination findings have been generally unremarkable, often with no more than mild findings reported." (Tr. at 33.) However, "[a]n ALJ may only reject a treating physician's contradicted opinion[] by providing 'specific and legitimate reasons that are supported by substantial evidence.'" Ghanim, 763 F.3d at 1161 (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)). "'The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (quoting Cotton v. Bowen, 799 F.2d 1403, 1408 (9th Cir. 1986)).

In this regard, "an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Garrison, 759 F.3d at 1012-13; see also Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").

Moreover, the evidence cited by the ALJ in support belies the ALJ's finding. In this regard, the ALJ cited, in part, to a July 11, 2013 Emergency Room Report stating that plaintiff arrived via paramedics due to a seizure and "had a seizure while in the emergency room requiring Ativan and bag valve mask ventilation." (Tr. at 302.) The ALJ also cited to a note from a May 29, 2014 office visit for a follow-up on plaintiff's chronic back pain. (Id. at 450.) The doctor assessed plaintiff with chronic thoracic pain, generalized epilepsy, and chronic low back pain. (Id. at 452.) The doctor then proscribed plaintiff hydrocodone and morphine. (Id.) See generally

Ligons v. Berryhill, No. 2:17-cv-1283 EFB, 2018 WL 4502483, at *4 (E.D. Cal. Sept. 20, 2018) ("That treatment regimen can hardly be characterized as conservative.").

The ALJ also cited to a January 1, 2015 office visit. (Tr. at 33.) However, at this visit the doctor reviewed plaintiff's CT scan, which found:

> The bones are osteopenic. There is long segment leftward curvature of the thoracic spine. There are multilevel prominent Schmorl's nodes throughout the mid thoracic spine. There are multilevel compression deformities throughout the thoracic spine, with approximately 25% height loss at T3, approximately 20% height loss at T4, approximately 25% height loss at T6, approximately 50% height loss at T8, and approximately 50% height loss at L1. There is irregular hyperdensity with the L1 vertebral body, consistent with bone cement. There is slight retropulsion of fracture fragments of the superior endplate of L1, with the spinal canal measuring greater than 12 mm in midline AP dimension at this level.

(Id. at 470.)

Accordingly, the court finds that the ALJ failed to offer specific and legitimate, let alone clear and convincing, reasons for rejecting Dr. Davis' opinion. Plaintiff, therefore, is entitled to summary judgment on this claim.

**II.   Subjective Testimony**

**A.   Plaintiff's Subjective Testimony**

Plaintiff next challenges the ALJ's treatment of plaintiff's subjective testimony. (Pl.'s MSJ (ECF No. 25) at 14-17.) The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

8

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[4] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

Here, the ALJ found that plaintiff's "allegations concerning the intensity, persistence and limiting effects of his symptoms and loss of functioning [were] not consistent with the evidence of record, including the medical evidence as a whole." (Tr. at 26.) In support of this finding, the ALJ first asserted that plaintiff "described activities of daily living, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." (Id.) Specifically, the ALJ noted that plaintiff reported "adequate self-care skills of dressing, bathing,

---

[4] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect. "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

9

eating, bathing (sic), and safety precautions," as well as "shopping and cooking." (Id.) Plaintiff also "recalled having to sit as a passenger during car rides lasting 45 minutes to one hour." (Id.)

> The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012); see also Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled.").

The ALJ also asserted that despite plaintiff's allegations, "a review of the objective medical evidence of record reveal (sic) physical findings that do not support the severity of the claimant's alleged symptoms and loss of functioning." (Tr. at 27.) In this regard, the ALJ concluded that plaintiff's allegations were "not fully consistent with the medical evidence of record." (Id. at 28.)

However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Perez v. Astrue, 247 Fed. Appx. 931, 936 (9th Cir. 2007) ("That the degree of Perez's subjective complaints were not corroborated by the objective clinical findings in the ALJ's view was of no legal moment because pain is inherently an individual phenomenon."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

For the reasons stated above, the court finds that the ALJ failed to offer a clear and convincing reason for rejecting plaintiff's testimony. Accordingly, plaintiff's motion for

summary judgment is granted as to the claim that the ALJ's treatment of plaintiff's testimony constituted error.

## CONCLUSION

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, plaintiff asks that the matter be remanded for further proceedings and that request will be granted. (Pl.'s MSJ (ECF No. 25) at 18.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 25) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 26) is denied;

3. The Commissioner's decision is reversed;

////

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: August 19, 2019

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\jacomet0199.ord