WILLIAM M. KUNTZ, ESQ
WILLIAM M. KUNTZ, PLC
4780 Arlington Avenue
Riverside, CA  92504
(951) 343-3400
FAX (951) 343-4004
E-Mail:  KuntzSSlaw @ sbcglobal.net

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| MICHAEL JOHN JACOMET,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDREW SAUL[1], Commissioner of Social Security Administration,<br><br>    Defendant.<br>_____ | No.: 2:18-cv-00199-DB<br><br>STIPULATION AND ORDER FOR AWARD OF EAJA FEES |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel of record, and subject to the approval of the Court, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C., Section 2412(d), in the amount of THREE THOUSAND FIFTY-EIGHT DOLLARS and 48/cents ($3,058.48) (the "Agreed Amount").  The Agreed Amount represents compensation for all legal services rendered on behalf of Plaintiff by Plaintiff's attorney in connection with this civil action for services

---

[1] Andrew Saul is now the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew Saul should be substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.  No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

performed before the district court through remand, in accordance with 28 U.S.C. § 2412 (d).

After the Court issues an order for EAJA Fees and expenses to Plaintiff, the government will consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's counsel. Pursuant to Astrue v. Ratliff, 560 U.S. 586, 598, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the ability to honor the assignment will depend on whether the fees and expenses are subject to any offset allowed under the United States Department of Treasury's Offset Program. After the order for EAJA Fees and expenses is entered, the government will determine whether they are subject to any offset.

Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of fees and expenses to be made directly to Plaintiff's counsel, pursuant to the assignment executed by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney's fees and expenses, and does not constitute an admission of liability on the part of Defendant under the EAJA.

Payment of the Agreed Amount shall constitute a complete release from, and bar to, any and all claims Plaintiff and/or Plaintiff's Counsel may have relating to EAJA attorney fees and expenses in connection with this action.

This award is without prejudice to the rights of Plaintiff's counsel, if any, to seek Social Security Act attorney fees authorized by 42 U.S.C. § 406(b), subject to the provisions of the EAJA.

DATED: November 14, 2019    LAW OFFICES OF WILLIAM M. KUNTZ
                            */s/ William M. Kuntz*
                            William M. Kuntz
                            Attorney at Law
                            Attorney for Plaintiff
                            MICHAEL JOHN JACOMET

DATED: November 13, 2019

MCGREGOR W. SCOTT
United States Attorney
DEBORAH LEE STACHEL
Regional Chief Counsel

*/s/ - Daniel P. Talbert by*
   WILLIAM M. KUNTZ
DANIEL P. TALBERT
Special Assistant United States Attorney
Attorneys for Defendant
[*By e-mail authorization
on November 13, 2019]

## **ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

DATED: November 20, 2019   /s/ DEBORAH BARNES

                                                      UNITED STATES MAGISTRATE JUDGE